Filed 7/28/26  P. v. Ainsworth CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TYRELL AINSWORTH,<br><br>    Defendant and Appellant. | D086237<br><br><br><br>(Super. Ct. No. SCS325406) |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy R. Walsh, Judge.  Affirmed.

Tyrell Ainsworth, in pro. per.; and Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Tyrell Ainsworth appeals from a judgment following his jury conviction on two counts of possession of a weapon at a penal institution (Pen. Code,[1] § 4502, subd. (a)) and one count of resisting an executive officer (§ 69) with

---

[1]    Hereafter all undesignated statutory references are to the Penal Code.

personal use of a knife (§ 12022, subd. (b)(1)) and a strike prior (§§ 667, subds. (b)-(i), 1170.12, 668).

On appeal, Ainsworth's counsel filed an opening brief raising no argument for reversal of the judgment and requesting that we independently review the record for error as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). To assist us in our review, his counsel identified three possible issues: (1) the trial court's refusal to instruct the jury with CALCRIM No. 3408 on the defense of entrapment; (2) the trial court's refusal to instruct the jury with CALCRIM No. 3403 on the defense of necessity; and (3) the trial court's refusal to give various self-defense instructions.

We granted Ainsworth permission to file a supplemental brief on his own behalf. He submitted a four-page handwritten supplemental brief asking us to address the three issues identified by his appellate counsel as well as four additional issues: (1) the trial court's denial of his pretrial motions purportedly on the ground that they were handwritten or untimely; (2) the trial court's admission of the entire video of one of the incidents involving an altercation with another inmate in prison; (3) the trial court's denial of Ainsworth's section 995 motion; and (4) the trial court's denial of Ainsworth's objection to the jury panel.

To assess the last issue Ainsworth raised in his supplemental brief, we augmented the record on our own motion to include a reporter's transcript of the jury selection proceedings. We also directed his counsel to notify us after reviewing the supplemental record whether she still intended to proceed under *Wende* and *Anders*. After the supplemental record was prepared and filed, Ainsworth's counsel notified us that she did still intend to proceed under *Wende* and *Anders*.

2

We have reviewed the entire record on appeal under *Wende* and have concluded there are no reasonably arguable issues. We have also considered each of the contentions identified by Ainsworth and his counsel and will explain why they do not have arguable merit. (*People v. Kelly* (2006) 40 Cal.4th 106, 124 (*Kelly*) ["the Court of Appeal must prepare a written opinion that describes the contentions personally raised by the defendant and the reasons those contentions fail"].) Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Count 1*

In October 2022, Ainsworth was an inmate at the Richard J. Donovan Correctional Facility (Donovan) serving time for a 2012 murder conviction. On the morning of October 11, he got into a fight with another inmate named Ruben L. in the dayroom of his housing unit. The fight was captured on the facility's video surveillance system. The video showed that Ruben threw the first punch when Ainsworth was reaching towards his waist. Holding something in his right hand, Ainsworth struck back at Ruben in the left facial area and lower back. A still shot from the video showed that the object Ainsworth was holding was consistent with an inmate-manufactured metallic weapon or "shank." Ruben suffered a puncture wound to his face and another puncture wound to his lower back.

After the altercation, Ainsworth ran upstairs to the second floor and eventually into cell number 229. Another video captured Ainsworth entering cell number 229 and bending down towards the toilet. It appeared that Ainsworth was manipulating something and flushing the toilet. Officers later searched cell number 229 and found no weapon.

3

Officers handcuffed Ainsworth and searched him. When Ainsworth removed his back brace, an inmate-manufactured sheath for a weapon fell from the brace.

B. *Counts 2 and 3*

Six days later, Ainsworth was in the restricted housing unit or administrative segregation at Donovan. Officers escorted him outdoors from his cell to a caged yard module for outdoor recreation. The officers were wearing body-worn cameras. Along the way, Ainsworth threatened one of the officers, "I'm going to come at you."

After Ainsworth entered the caged yard module outside, officers followed the normal procedure of holding the module gate closed until a designated yard officer could come lock it with a key. While waiting for the yard officer, the transporting officers noticed that Ainsworth was manipulating his waist restraints. Ainsworth removed his handcuffs, walked towards the officers aggressively, then pushed the gate partially open while the officers were pushing back from the outside to keep it closed. One of the officers noticed that Ainsworth had an inmate-manufactured weapon in his right hand. The officers managed to close the gate and keep Ainsworth inside the module until the yard officer arrived to lock the gate.

A still photo from the body-warn camera video showed that Ainsworth was holding what appeared to be an inmate-manufactured weapon in his right hand when he attempted to open the gate. The weapon had a black handle with a sharpened point.

After the incident, officers recovered the weapon from another neighboring yard module. There was a gap between the modules large enough to slip the weapon through. The weapon appeared to have been made out of a sharpened metal wheelchair brake with a black rubble handle.

4

C. *Strike Prior*

In 2012, Ainsworth was convicted of first degree murder (§ 187, subd. (a)) with personal and intentional discharge of a firearm proximately causing death (§ 12022.53, subd. (d)) in Los Angeles County Superior Court.  The court sentenced him to 50 years to life in state prison.

D. *Defense Evidence*

Ainsworth represented himself at trial and testified in his own defense.  He admitted having a physical altercation with inmate Ruben L. on October 11, 2022.  According to Ainsworth, however, he did not have a weapon and did not stab Ruben.  In his opinion, the video footage of the incident was AI-generated.

Ainsworth also denied having a weapon or anything else in his hands in the incident on October 17, 2022.  He believed the video of this incident was also AI-generated.

E. *Convictions and Sentence*

The jury convicted Ainsworth as charged of two counts of possession of a weapon at a penal institution (§ 4502, subd. (a); counts 1 and 3) and one count of resisting an executive officer (§ 69) with personal use of a knife (§ 12022, subd. (b)(1); count 2) and the jury found true a charged strike prior (§§ 667, subds. (b)-(i), 1170.12, 668).  The court sentenced Ainsworth to a total term of three years eight months in prison.

DISCUSSION

On appeal, Ainsworth's appointed counsel filed a *Wende* brief setting forth the facts of the case and requesting that we independently review the entire record but raising no arguable issues.  To assist us in our review, his counsel identified three possible issues, which we described above.  After we granted Ainsworth permission to file a supplemental brief on his own behalf,

5

he submitted a handwritten brief asking us to consider the issues raised by his appellate counsel and four additional issues. As required by our Supreme Court, we will now describe these contentions and the reasons they fail. (*Kelly, supra*, 40 Cal.4th at p. 124.)

We conclude that none of the three issues identified by Ainsworth's appointed appellate counsel has arguable merit for the following reasons:

First, the trial court properly denied Ainsworth's request to give CALCRIM No. 3408 on the defense of entrapment because there was no substantial evidence of any law enforcement conduct that would cause a normally law-abiding person to commit any of the charged offenses. (*People v. Watson* (2000) 22 Cal.4th 220, 222–223.)

Second, the trial court properly denied Ainsworth's request to give CALCRIM No. 3403 on the defense of necessity because (1) there was no substantial evidence that Ainsworth committed any of the charged offenses to prevent a significant and imminent evil (*People v. Kearns* (1997) 55 Cal.App.4th 1129, 1135); and (2) the defense of necessity is not available for possession of a deadly weapon in prison (§ 4502, subd. (a)) to prevent against a future anticipated attack (*People v. Velazquez* (1984) 158 Cal.App.3d 418, 420–421).

Third, the trial court properly denied Ainsworth's request to give self-defense instructions because (1) there was no substantial evidence that he reasonably believed he was in imminent danger of suffering bodily injury or that immediate use of force was necessary to defend against that danger (*People v. Brady* (2018) 22 Cal.App.5th 1008, 1014); and (2) self-defense is not available to a prison inmate charged with a violation of section 4502, subdivision (a) based on a claim that the weapon was possessed for protection

6

from an anticipated future attack (*People v. Saavedra* (2007) 156 Cal.App.4th 561, 568).

We further conclude that none of the four additional issues identified by Ainsworth in his supplemental brief has arguable merit for the following reasons:

First, Ainsworth asks us to consider whether the trial court violated his rights by denying his pretrial motions on the ground that they were handwritten or untimely. This is not an arguable issue because the record does not reflect that the trial court denied any of his pretrial motions on either of these grounds. Rather, the court ruled on the merits of all pretrial motions filed by Ainsworth.

Second, Ainsworth asks us to consider whether the court committed an error by allowing the prosecution to play the entire video of the October 11, 2022 altercation with inmate Ruben L. rather than using only still shots from the video. This is not an arguable issue because the video (Exhibit 1) was played for the jury without objection by Ainsworth, and in any event, it was not unduly prejudicial and had strong probative value to demonstrate that Ainsworth was in possession of a deadly weapon that caused the injuries to Ruben L.

Third, Ainsworth asks us to consider whether the court committed an error when it denied his section 995 motion to dismiss the charges after the preliminary hearing. This is not an arguable issue because the record does not demonstrate that Ainsworth was "committed without reasonable or probable cause" (§ 995, subd. (a)(2)(B)) and he has not demonstrated any other prejudicial error in the court's ruling.

Finally, Ainsworth asks us to consider whether the court erred when it overruled his objections regarding the jury composition. On our own motion,

7

we augmented the appellate record to include the jury selection transcript so that we could assess this claim. Having reviewed the transcript, we find no arguable jury selection issue for appeal. The trial court correctly excused Prospective Juror No. 7 for cause over Ainsworth's objection because this prospective juror stated he could not be impartial and had a "prejudice against the court system" as a result of being convicted and "wrongfully sentenced" to prison. The court also correctly sustained the prosecutor's last of several objections to Ainsworth's peremptory challenges against White male prospective jurors under Code of Civil Procedure section 231.7 (after overruling the prosecutor's first two such objections). Based on the overall pattern of Ainsworth's peremptory challenges, there is a substantial likelihood that an objectively reasonable person would view Prospective Juror No. 23's race and gender as a factor in Ainsworth's use of the peremptory challenge. (Code Civ. Proc., § 231.7, subd. (d)(1).) Moreover, even assuming any error in this ruling as to Prospective Juror No. 23, Ainsworth could not demonstrate prejudice. (See *People v. Guzman* (2025) 115 Cal.App.5th 464, 476–482 [prejudice must be shown when objection to peremptory challenge is erroneously *granted* under section 231.7; such an error generally is not reversible unless the juror was actually biased or otherwise properly subject to a challenge for cause].) Nothing in the record suggests that Prospective Juror No. 23 was actually biased or subject to a challenge for cause or that there is a reasonable probability the result would have been different if he had been excused.

Our independent review of the record has disclosed no other reasonably arguable issues and therefore we affirm the judgment. (*Wende, supra*, 25 Cal.3d at pp. 441–442; *Kelly, supra*, 40 Cal.4th at pp. 119, 126.) Ainsworth was competently represented in this appeal.

8

## DISPOSITION

The judgment is affirmed.

BUCHANAN, J.

WE CONCUR:

McCONNELL, P. J.

KELETY, J.